IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PAYCOR, INC., *et al.*, | : |
| *Plaintiffs*, | : Case No. 1:25-cv-690 |
| v. | : Judge Jeffery P. Hopkins |
| JOHN STEWART, | : |
| *Defendant*. | : |

**AGREED INJUNCTION AND STIPULATION OF DISMISSAL**

Plaintiffs Paycor, Inc. and Paycor HCM, Inc. (collectively referred to herein as "Paycor" or "Plaintiffs") and Defendant John Stewart ("Stewart") (collectively, the "Parties"), stipulate to the terms of this Agreed Injunction and Stipulation of Dismissal ("Agreed Final Order"), which this Court hereby enters. Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Subject to terms of this Agreed Final Order, all claims in this action, held by or on behalf of Plaintiffs and/or Paychex, Inc. against Stewart are dismissed with prejudice.

2. Stewart admits that he emailed at least 4 of Plaintiffs' documents to himself around or after the time of his resignation. He also claims he deleted them the days that he emailed them.

3. Within 7 calendar days of the Court's entry of this Agreed Final Order, Stewart agrees to destroy, delete, and/or return any and all of Paycor's confidential, proprietary and trade secret information and property remaining within his possession, custody or control,

and to execute a declaration certifying that he has destroyed, deleted and/or returned all such items and did not use any such items.

4. Stewart received restricted stock unit ("RSU") awards while employed with Paycor, during the years 2021, 2022, 2023, and 2024. A copy of the 2024 RSU Agreement between the Parties is attached as Exhibit 3 to Plaintiffs' Complaint. A copy of the 2024 RSU Grant Acknowledgment between the Parties is attached as Exhibit 4 to Plaintiffs' Complaint. In the 2024 RSU Grant Acknowledgment, Stewart agreed "to be bound by the terms and conditions of the [2021 Omnibus Incentive] Plan, the [Restricted Stock Unit] Agreement, the Award Notice and the Confidentiality, Non-Solicitation and Non-Competition Agreement attached as Exhibit A to the Agreement (the "RCA"). *See* Exhibit 4 to Plaintiffs' Complaint.

5. **Confidentiality/Non-Disclosure Obligations**: Stewart agrees to comply with Paragraph 6 of the RCA attached to the 2024 RSU Agreement, which requires him to hold the Confidential Information in strictest confidence and to not at any time, directly or indirectly, disclose such information to any third party or use such information. The term "Confidential Information" is defined in Paragraph 5 of the RCA attached to the 2024 RSU Agreement.

6. **Non-Compete Obligations:** Stewart agrees to comply with Paragraph 9 of the RCA attached to the 2024 RSU Agreement, which states in relevant part as follows:

> Employee further agrees that for a period of twelve (12) months after Employee is no longer employed by Company, Employee shall not, in any capacity, directly or indirectly, in the Restricted Territory own, manage, assist or engage in the ownership, management, or control of, or be employed or engaged by or otherwise affiliated or associated as a consultant, independent contractor or otherwise, with any other business, entity, company, or person where Employee will provide similar services to a "Competing Business" (defined in the subsequent sentence) as those which Employee provided to Paycor while employed.

The terms "Restricted Territory" and "Competing Business" are defined in Paragraph 9 of the RCA attached to the 2024 RSU Agreement. The twelve-month period shall start beginning the date of the filing of this action, September 19, 2025, and continue through September 18, 2026.

7. **<u>Non-Solicitation Obligations:</u>** Stewart agrees to comply with Paragraph 10 of the RCA attached to the 2024 RSU Agreement, which states in relevant part as follows:

> During the term of Employee's employment with the Company and for a period of twelve (12) months following termination of Employee's employment with the Company for any reason, Employee agrees that Employee will not, either directly or indirectly, for any purpose other than for the benefit of [Paycor] solicit, provide sales or service to, or otherwise accept business of the type being offered by [Paycor] from any person, partnership, corporation, limited liability company, or other entity who or which is a Customer or Prospective Customer.
>
>  * * *
>
> Employee further agrees that, during the term of Employee's employment with the Company and for a period of twelve (12) months following termination of Employee's employment with the Company for any reason, Employee will not directly or indirectly, cause or attempt to cause any Customer or Prospective Customer to divert its business away from [Paycor] to any other person or entity, whether or not Employee is affiliated with such person or entity.
>
>  * * *
>
> During the term of Employee's employment with the Company and for a period of twelve (12) months following termination of Employee's employment with the Company for any reason, Employee agrees that Employee will not, directly or indirectly, interfere or attempt to interfere with a contractual relationship between [Paycor] and any Business Partner with whom Employee had material contact during the twelve (12) month period immediately prior to Employee's termination of employment with the Company.

The terms "Customer" and "Prospective Customer" are defined in Paragraph 10(A) of the RCA attached to the 2024 RSU Agreement. The term "Business Partner" is defined in Paragraph 10(C) of the RCA attached to the 2024 RSU Agreement. The twelve-month period shall start beginning the date of the filing of this action, September 19, 2025, and continue through September 18, 2026.

8. Stewart and Paycor shall each be responsible for their own attorneys' fees and expenses.

9. Stewart agrees to notify in writing prospective employers and his current employer, to the extent such entities are a "Competing Business" (as that term is defined in Paragraph 9 of the RCA attached to the 2024 RSU Agreement), of the terms of this Agreed Final Order and copy Paycor on such notification(s). Stewart shall only be required to notify such prospective or current employers during the twelve-month period of his Non-Compete and Non-Solicitation obligations as set forth in Paragraphs 6 and 7 above.

10. The Parties agree and understand that the Court will maintain authority and jurisdiction to enforce compliance with this Agreed Final Order, if necessary.

11. No bond is required for this Agreed Final Order.

**IT IS SO ORDERED.**

November 12, 2025

Jeffery P. Hopkins
United States District Judge